IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JEREMY MONTRAY GAINES                                                    PLAINTIFF
ADC #118227

V.                                    NO. 2:05CV00270 JLH/JWC

ARKANSAS DEPARTMENT OF                                              DEFENDANTS
CORRECTION, et al

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I.  Instructions

The following recommended disposition has been sent to United States District

Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and two copies of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date of these findings and recommendations.  A copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge,

you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such
         a  hearing is granted)  was not  offered at  the hearing before the Magistrate
         Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## II.  Recommended Disposition

On November 1, 2005, Plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

## A.    Background

According to Plaintiff's complaint, on the night of May 17, 2005, he was returning from the restroom when Defendant Bell asked him for some of his chips.  When he refused, she directed him to go into the hallway while she went to the control booth to call Defendant Crumpton.  When Defendant Crumpton arrived with two unnamed officers, he "snatched" the chips from Plaintiff and proceeded to yell at him in an unprofessional manner.  Defendant Crumpton then had the two officers cuff Plaintiff.  When Plaintiff

2

attempted to respond to Defendant Crumpton's questions in a manner to calm the situation, Defendant Crumpton grabbed Plaintiff by the throat and pushed him into the wall. The two other officers then took Plaintiff to isolation and placed him in the shower. Defendant Crumpton followed and continued to yell at Plaintiff.  He then called Sergeant Allen to escort Plaintiff to his barracks.

**B.    Standard**

After granting Plaintiff in forma pauperis status, Plaintiff was notified (docket entry #3) that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee.  28 U.S.C. § 1915A.

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  This Court may sua sponte dismiss a complaint filed in forma pauperis in whole or in part at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73

(1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."  Haines, 404 U.S. at 520-21.

### III.  Analysis

**A.      The Arkansas Department of Correction**

The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Barnes v. State of Missouri, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989).

The Court initially notes that Plaintiff has named as a Defendant the Arkansas Department of Correction ("ADC").  The ADC is not a proper party to this action as it is not a "person" subject to suit under § 1983.  See Brown v. Missouri Dep't of Corr., 353 F.3d 1038, 1041 (8th Cir. 2004) (per curiam) (citing Will, 491 U.S. at 71) (Missouri Department of Correction was not proper party in § 1983 suit); Walker v. Zunker, 30 Fed. Appx. 625, 628 (7th Cir. 2002) (unpub. order) (Wisconsin Department of Corrections and Bureau of Health Services were not suable entities under § 1983; "state agencies are not 'persons' within the meaning of § 1983 and thus are not subject to suit"); Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (per curiam) (neither the Cook County Department of Corrections or its mail room as a subdivision of the department are entities subject to suit); Strickler v. Waters, 989 F.2d 1375, 1388 (4th Cir. 1993) (Virginia

4

Department of Correction is not a "person" subject to suit); <u>Johnson v. State of Nebraska,</u>
<u>Dep't of Corr. Serv.</u>, 806 F. Supp. 1412, 1420 (D. Neb. 1992) (state or state agency is not
a proper defendant in § 1983 case).  For this reason, the ADC should be dismissed as a
Defendant to this action.

**B.     Defendants Norris, Hobbs, and Bell**

Except for naming Defendants Norris and Hobbs in the caption of his complaint,
Plaintiff makes no other mention of these individuals.  In addition, Plaintiff's only complaint
with respect to Defendant Bell is that she asked Plaintiff for some of his chips and when
he refused, she directed him to go into the hallway while she went to the control booth to
call Defendant Crumpton.  For a defendant to be held liable under § 1983, he or she must
have personally participated in, or had some responsibility for, the particular act which
deprived Plaintiff of a constitutionally protected right.  <u>Ellis v. Norris,</u>179 F.3d 1078, 1079
(8th Cir. 1999) ("despite having been ordered to amend his complaint to clarify how . . .
defendants upon whom he sought service had violated his constitutional rights, [plaintiff]
failed to allege facts supporting any individual defendant's personal involvement or
responsibility for the violations"); <u>see</u> <u>also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir.
2001) (plaintiff failed to allege sufficient personal involvement by any defendant to support
a claim); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir.1985) ("Although it is to be
liberally construed, a pro se complaint must contain specific facts supporting its
conclusions."); <u>Potter v. Clark</u>, 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint
alleges no specific act or conduct on the part of the defendant and the complaint is silent
as to the defendant except for his name appearing in the caption, the complaint is properly
dismissed.").  Plaintiff has failed to allege any facts in support of a claim against

Defendants Norris or Hobbs.  In fact, he has failed to connect them in any way to the alleged incident; therefore, his claims against them should be dismissed.

In addition, Plaintiff is unable to hold Defendants Norris and Hobbs liable in a supervisory capacity.  The doctrine of respondeat superior is generally an improper basis upon which to rest a § 1983 claim because an individual cannot be held liable solely on the actions or inactions of his or her subordinates.  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).  Moreover, "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."  Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)).  A supervisor can be held individually liable under § 1983 if he "directly participates in a constitutional violation or if [his] failure to properly supervise and train the offending employee caused a deprivation of constitutional rights."  Askew v. Millerd, 191 F.3d 953, 958-59 (8th Cir. 1999) (quoting Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (citing Tilson v. Forrest City Police Dep't, 28 F.3d 802, 806 (8th Cir. 1994)).  However, "a single incident, or a series of isolated incidents," usually will not provide a sufficient "basis upon which to assign supervisory liability."  Howard v. Adkison, 887 F.2d 134, 138 (8th Cir. 1989) (citing Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988)).

In order to hold Defendants Norris and Hobbs individually liable under § 1983, Plaintiff must show that as supervisors, Defendants were "deliberately indifferent to or tacitly authorized the offending acts . . . . This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation."  Andrews, 98 F.3d at 1078 (citing Tilson, 28 F.3d at 807; Thelma

6

D. v. Bd. of Educ., 934 F.2d 929, 934 (8th Cir. 1991)).  Plaintiff cannot meet this standard.

There is no allegation that Defendants had any knowledge or were placed on notice of the

alleged incident.  There is no allegation or evidence to establish that Defendants were even

responsible for training the individual who allegedly violated Plaintiff's constitutional rights,

much less that they were negligent in their training of this individual.  In short, there is no

allegation that Defendants had any "personal involvement" in any of the events related to

Plaintiff's claims.  Simply, there can be no "deliberate indifference" when there is no

allegation of knowledge of any allegedly violative practices.  For these reasons, Plaintiff's

complaint against Defendants Norris and Hobbs should also be dismissed.

　　With respect to Defendant Bell, Plaintiff's allegations against her (asking for some

chips, ordering him into the hallway, and placing a call in the control booth) simply do not

state a claim for the deprivation of a constitutionally protected right.  "Liability under § 1983

requires a causal link to, and direct responsibility for, the deprivation of rights."  Madewell

v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing Rizzo v. Goode, 423 U.S. 362, 370-

71, 375-77 (1976); Cotton v. Hutto, 577 F.2d 453, 455 (8th Cir. 1978) (per curiam)).  Thus,

she too should be dismissed.

## C.　　Defendant Crumpton

　　To the extent that Plaintiff's complaint can be construed to raise an Eighth

Amendment excessive force claim, it fails because he is unable to allege that he has

suffered an actual physical injury.  Plaintiff claims that Defendant Crumpton, without

provocation and for no apparent reason at all, grabbed him by the throat and pushed him

into the wall.  Any damages he seeks for emotional or mental injury are barred.  42 U.S.C.

§ 1997e(e) provides:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, <u>for mental or emotional injury</u> suffered while in custody <u>without a prior showing of physical injury</u>.

(emphasis added).  In both published and unpublished opinions, the Eighth Circuit has upheld § 1997e(e) dismissals where there is no allegation of physical injury.  See <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999) (plaintiff failed to state Eighth Amendment claim because he did not allege how inadequate security caused him injury); <u>see also</u> <u>Johnson v. Norris</u>, 3 Fed. Appx. 579 (8th Cir. 2001) (unpub. per curiam); <u>Kellensworth v. Norris</u>, 221 F.3d 1342 (8th Cir. 2000) (unpub. table op.) (no allegation or suggestion of physical injury arising from temporary housing with an inmate feared by the plaintiff); <u>Smith v. Spath</u>, 187 F.3d 643 (8th Cir. 1999) (unpub. table op.) (no injury other than emotional distress from delay in correcting clerical error in sentencing order); <u>Smith v. Moody</u>, 175 F.3d 1025 (8th Cir. 1999) (unpub. table op.) (no allegation of physical injury).  Moreover, § 1997e(e) has been held constitutional by several Circuits.  See <u>Hawkins v. Morse</u>, 194 F.3d 1312 (6th Cir. 1999) (unpub. table op.), <u>cert. denied</u>, 532 U.S. 939 (2001); <u>Harris v. Garner</u>, 190 F.3d 1279 (11th Cir. 1999), <u>reinstated in part on rehearing</u>, 216 F.3d 970 (11th Cir. 2000), <u>cert. denied</u>, 532 U.S. 1065 (2001); <u>Davis v. District of Columbia</u>, 158 F.3d 1342 (D.C. Cir. 1998); <u>Zehner v. Trigg</u>, 133 F.3d 459 (7th Cir. 1997).[1]  Plaintiff advances no allegation whatsoever that he was physically injured.  Furthermore, Plaintiff does not even

---

[1] <u>But</u> <u>see</u>, <u>Spencer v. Moreno</u>, No. 4:02CV3049, 2003 WL 1043318, at *8 (D. Neb. Mar. 11, 2003) comparing without addressing <u>Searles v. Van Bebber</u>, 251 F.3d 869, 878-81 (10th Cir. 2001) (vacating plaintiff's compensatory damages award pursuant to § 1997e(e); plaintiff still entitled to nominal and punitive damages) with <u>Davis</u>, 158 F.3d at 1348-49 (plaintiff's claim for compensatory and punitive damages both barred by § 1997e(e)), a distinction not relevant to the present matter as Plaintiff has failed to state a viable constitutional claim.

hint that he required any form of medical attention.  Instead, the core of his complaint is that the force used was unjustified.

In Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)), the Supreme Court held that there need not be a "significant" injury for § 1983 liability based on excessive force, but also made clear that "not every push or shove" or "malevolent touch by a prison guard" gives rise to a federal cause of action.  While the Eighth Amendment's prohibition of cruel and unusual punishment protects prisoners from the excessive use of force at the hands of prison officials or guards, its prohibitions exclude "from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Id. (citing Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Jones v. Shields, 207 F.3d 491, 495 (8th Cir. 2000). While serious or permanent injury is not required to sustain an Eighth Amendment excessive force claim, Plaintiff must nevertheless demonstrate some actual injury.  Jones, 207 F.3d at 495; see also Lawson v. Vance, 41 Fed. Appx. 24 (8th Cir. 2002) (unpub. per curiam); Samuels v. Hawkins, 157 F.3d 557, 558 (8th Cir. 1998) (per curiam) (affirming summary judgment in favor of defendants where inmate lacked medical evidence of actual injury caused by liquid thrown into his eyes); Hickey v. Reeder, 12 F.3d 754, 759 (8th Cir. 1993) (internal citations omitted) ("summary applications of force are constitutionally permissible when prison security and order, or the safety of other inmates or officers, has been placed in jeopardy").

Based on the foregoing authorities, it is the opinion of the Magistrate Judge that § 1997e(e) mandates the dismissal of Defendant Crumpton from this case.  Even accepting

Plaintiff's recitation of the facts as true, it still cannot be said that Defendant's conduct constituted a use of force that was more than *de minimis* for Eighth Amendment purposes. The amount of force used was minimal and any injury inflicted either nonexistent or clearly insignificant.  For these reasons, Plaintiff's excessive force claim should be dismissed.

### IV.  Conclusion

For the reasons set forth herein, IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's case against DEFENDANTS should be DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM.

2.     Any pending motions should be DENIED AS MOOT.

3.     The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that AN IN FORMA PAUPERIS APPEAL from any order adopting these recommendations, and any judgment entered thereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

4.     This dismissal should count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 20th day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.